RONALD LINE v. JOSEPH ALLEN NOURIE.

229 N. W. 2d 520.

May 16, 1975—No. 45295.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, O. C. Adamson II, R. D. Blanchard,* and *J. Richard Bland,* for appellant. *Gerald Hanratty,* for respondent.

Heard before Peterson, Todd, and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendant appeals from an order denying a motion for a new trial following a trial wherein there was a jury verdict finding plaintiff 49-percent negligent and defendant 51-percent negligent. The award of damages was affirmed by this court in a prior appeal. Line v. Nourie, 298 Minn. 269, 215 N. W. 2d 52 (1974). Defendant challenges the trial court's refusal to give certain requested instructions. We affirm.

The facts of this accident are set forth in our previous opinion and will not be repeated in detail. Defendant claims the trial court erred in refusing to include in its instructions the last portion of Minn. St. 169.21, subd. 5; in refusing to instruct on assumption of risk; and in refusing to instruct on application of the emergency rule.

As to the first issue, Minn. St. 169.21, subd. 5, provides in part as follows:

"Pedestrians when walking along a roadway shall, when practicable, walk on the left side of the roadway or its shoulder *giving way to oncoming traffic.*" (Italics supplied.)

The italicized portion of the statute was not given, but the balance was. We find no error under the facts of this case. The court directed a verdict as to plaintiff's negligence for being on the wrong side of the road. The omitted language was unnecessary under the facts of this case and the court properly instructed on this matter in accordance with our former opinion.

The issue of assumption of risk was presented in the original appeal. The court had refused this instruction the first time and we found no error. We again find no error.

Lastly, the court refused to instruct on the emergency rule. The lower court in its memorandum commented:

"* * * The emergency doctrine is not applicable in this case in view of the fact that there was no emergency except defendant's inexperience as a driver; and the emergency, if any, was the danger created by defendant's inexperience."

We agree.

Affirmed.